PAUL M. WARNER, United States Attorney (#3389)
ROBERT C. LUNNEN, Assistant United States Attorney (#4620)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Facsimile: (801) 524-6926

---

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 2:04-CR-0658-TS |
| Plaintiff, | : | |
| | | STATEMENT BY DEFENDANT IN |
| vs. | : | ADVANCE OF GUILTY PLEA |
| JUSTUS A. IRELAND, | : | |
| | | Judge Ted Stewart |
| Defendant. | | |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1. The nature of the charges against me have been explained to me. I have had an opportunity to discuss the nature of the charges with my attorney, and I understand the charges and what the government is required to prove in order to convict me.

2. I know that the maximum possible penalties provided by law for the offense to which I am pleading guilty (Destruction of Property by Fire), in violation of 18 U.S.C. § 844 (i) are:

> (a) not less than five (5) years nor more than twenty (20) years imprisonment, a fine of $250,000.00 (two-hundred fifty thousand dollars), or both, and a three (3) year term of supervised release after imprisonment.

> (b) I understand that if I violate any term or condition of supervised release imposed as part of my sentence, I can be returned to prison to serve the remainder of my sentence plus the full length of the term of supervised release.



(c) Additionally, I know the court is required to impose an assessment in the amount of $100.00 as to each count to which I am pleading guilty, due and payable at the time of sentencing.

3. I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed that with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, or that the United States and I may have agreed to and set out in paragraph 15 of this agreement, and that I will not be able to withdraw my plea if they are different than the Court's calculations.

4. I understand that, under the United States Sentencing Guidelines, my sentence may be enhanced based on various facts that are relevant to the charge(s) against me, but that (were not alleged in the ~~indictment~~ information and) have not been found by a jury. I understand that the Supreme Court's decision in *Blakely v. Washington, 542 U.S.____ (2004)*, could be interpreted to require the United States to allege such facts in an indictment and prove such facts to a jury beyond a reasonable doubt.

5. Understanding these issues, and having consulted with my attorney, I hereby agree to have my sentence determined under the United States Sentencing Guidelines, and waive my right to raise any constitutional challenge to the validity of those Guidelines. I also hereby waive any and all rights I may have under *Blakely*, including, but not limited to, any right to have facts that could increase my sentence alleged in an indictment and found by a jury beyond a reasonable doubt. In addition, I agree that such facts may be found by the judge under a preponderance-of-the-evidence standard based on any reliable evidence, including hearsay.

6. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

7. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

8. I know that I have a right to a trial by jury, and I know that if I were to go to trial on the offenses charged in the Indictment in my case:

(a) I would have a right to the assistance of counsel at every stage of the proceeding;

(b) I would have a right to see and observe the witnesses who testified against me;

(c) My attorney would have the opportunity to cross-examine all of the witnesses

2

who testified against me;

(d) I could call witnesses if I chose to, and I would be able to obtain subpoenas requiring the attendance and testimony of those witnesses. If I could not afford to pay for the witnesses to appear or if I could not pay their mileage fees, the government would pay;

(e) I could not be forced to incriminate myself and I would not have to testify at my trial;

(f) If I chose not to testify, the jury would be told that no inference adverse to me could be drawn from my not testifying;

(g) The government would have to prove each and every element of the offense charged against me beyond a reasonable doubt;

(h) It would require a unanimous verdict of a jury to convict me; and,

(i) If I were convicted, I could appeal my conviction. If I could not afford the costs of the appeal, the government would pay those costs for me. If I could not afford counsel, the government would pay for an appointed attorney to prosecute my appeal.

9. I know and understand that under a plea of guilty, there will not be a trial of any kind.

10. I know and understand that if the Court imposes a lawful sentence based on my plea of guilty, ordinarily I would have no right to appeal the sentence and neither would the government.

(a) I understand, however, that 18 U.S.C. §3742 affords a defendant certain rights regarding the appeal of a sentence imposed pursuant to the United States Sentencing Guidelines. Those rights have been explained to me and I understand them.

(b) Acknowledging this, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed on me that is within the maximum provided by the statutes of conviction, as well as the right to appeal or challenge the manner in which that sentence is determined on the grounds set forth in 18 U.S.C. §3742 or on any other ground, except I do not waive my right to appeal any upward departure from the sentencing guideline range used by the Court.

(c) I also knowingly, voluntarily and expressly waive any right I might have to challenge my sentence or the manner in which it is determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. §2255.

3

(d) I also knowingly, voluntarily and expressly waive any right I have to challenge the Indictment filed against me, my plea and sentence or the manner in which it is determined in any collateral attack, including, but not limited to, a motion brought pursuant to any statute of limitations.

(e) I knowingly and voluntarily waive these rights in exchange for the concessions and/or commitments made by the United States in this plea agreement. I understand that nothing in this plea agreement and nothing in my waiver of my rights to appeal shall affect the government's right or duty to appeal my sentence under 18 U.S.C. §3742(b). I know, however, that if the United States appeals my sentence, I am released from this waiver.

(f) I understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly, and the word applies to all aspects of the court's sentencing authority, including but not limited to –

(i) Sentencing Guidelines rulings and determinations;

(ii) the imposition of imprisonment, fines, supervised release, probation, and any specific terms or conditions of any of the foregoing; and

(iii) any order of restitution.

11. I know that under a plea of "Guilty", the Judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

12. I understand that the Court may choose to make no decision as to what the sentence will be until a Pre-sentence Report has been received and reviewed by the Judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of "Guilty".

13. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

14. I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my change of plea to guilty:

**(a) On or about June 14, 2004, in Salt Lake City, Utah, I did knowingly and maliciously damage and destroy and attempt to damage and destroy by fire a vehicle, real**

and personal property belonging to Stock Building Supply, used in interstate commerce and in any activity affecting interstate commerce. I entered the Stock Building Supply lumber yard (located behind the main building of the business) at about 1:20 a.m., with the specific intention of setting fire to real and personal property. I placed a lighted road flair under a pallet loaded with cardboard and wood. I also placed a lighted flair on the seat of a Stock delivery truck. I spray painted the word "ELF" (signifying the Earth Liberation Front) in various places on the wall of the building and on the door of a delivery truck. I watched from a distance while fire emergency crews responded to the fire. The next day, I sent a fax transmission to a news agency claiming responsibility for the arson on behalf of the Earth Liberation Front.

15. I understand that the terms and conditions of the agreement between the government and me are set out below. There are no other agreements or arrangements. No promises other than those stated in this plea agreement have been made. I understand that this plea agreement is made and entered into in accordance with Rules 11(d)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

(a) I will enter a plea of guilty to Count 1 of the Information.

(b) **I agree to, and hereby do, waive my rights to appeal my sentence, as outlined in Paragraphs 4, 5 and 10 of this Statement in Advance of a Plea of Guilty, which paragraphs are incorporated into this paragraph by reference.**

(c) I agree to cooperate fully with law enforcement authorities regarding any information I may have concerning the arson committed against Stock Building Supply on June 14, 2004.

(d) The United States agrees not to file addition charges against me under any other federal statute including Title 18 United States Code, Section 924 (c).

16. I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

\* \* \*

I make the following representations to the Court:

1. I am ___ years of age. My education consists of ___GED___. I ___can___ (can/cannot) read and understand English.

5

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. _____

3. No one has told me that I would receive probation or any other form of leniency because of my plea. _____

4. I have discussed this case and this plea with my lawyer as much as I wish to. _____

5. I am satisfied with my lawyer. _____

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants. _____

7. I have no mental reservations concerning the plea. _____

8. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct. _____

DATED this _1_ day of _October_, 2004.


_____
JUSTUS A. IRELAND
Defendant

I certify that I have discussed the foregoing Statement by Defendant in Advance of Guilty Plea with the defendant; that I have fully explained his rights to him and have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this ___ day of _____, 2004.


_____
A. CHELSEA KOCH
Attorney for Defendant

I certify that this statement contains the complete agreement between the defendant and the government. In addition, I certify that to the best of my knowledge there is no legal bar to the acceptance of the plea and that the plea is in the best interests of the public. I am authorized to enter into this plea agreement on behalf of the United States.

DATED this _1st_ day of _October_, 2004.

ROBERT C. LUNNEN
Assistant United States Attorney